

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-17-00080-CV

---

IN THE INTEREST OF L.F.B., A CHILD

---

On Appeal from the 316th District Court
Hutchinson County, Texas
Trial Court No. 40,786, Honorable William D. Smith, Presiding

---

July 18, 2017

## MEMORANDUM OPINION

### Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

J.B. appeals from an order terminating her parent-child relationship with L.F.B. Through eight issues, she contends the evidence was legally and factually insufficient to support termination on the grounds found by the trial court. No challenge is levied against the finding that termination was in the child's best interest. We affirm.

The trial court terminated the parental relationship on several grounds under the Texas Family Code. We need only find that one ground was sufficiently supported by the evidence to affirm the decision. *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). Furthermore, the standard by which we review the order is that discussed in *In re C.H.*, 89 S.W.3d 17, 25-26 (Tex. 2002).

Here, we conclude that the evidence supported termination under § 161.001(b)(1)(N) of the Family Code. Per the latter, termination may occur when a parent constructively abandons a child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services (Department) for not less than six months. TEX. FAM. CODE ANN. § 161.001(b)(1)(N) (West Supp. 2016). It must also be shown that 1) the Department made reasonable efforts to return the child to the parent; 2) the parent failed to regularly visit or maintain significant contact with the child; and 3) the parent demonstrated an inability to provide the child with a safe environment. *Id.* § 161.001(b)(1)(N)(i),(ii) & (iii); *In the Interest of M.R.J.M.*, 280 S.W.3d 494, 505-06 (Tex. App.—Fort Worth 2009, no pet.).

Evidence appears of record demonstrating that J.B. 1) had not seen her child since 2013, 2) failed to maintain consistent contact with the Department, 3) did not send any cards or letters to the child, 4) failed to complete the service plan assigned her in order to secure visitation with L.F.B., 5) testified that her children were not important enough to stop using drugs, 6) had voluntarily left the child with the Children's Protective Service (CPS) because she was using drugs and unable to care for the child, 7) failed to provide the Department with proof of employment, 8) had a history of taking controlled substances, 9) did not attend individual counseling or AA or NA meetings despite her history of drug usage, 10) could not provide a safe and secure environment, 11) failed to submit to drug screening as required, 12) admitted that she would test positive for drugs, 13) had not provided any financial support for the child, 14) had constructively abandoned the child, 15) was on probation due to her possession of methamphetamines, 16) most likely will be sent to prison for violating the conditions of

2

her probation, and 17) was incarcerated at the time of trial.  Other evidence of record discloses that 1) past behavior is predictive of future behavior, 2) a parent cannot provide a safe and secure environment while in prison, 3) her probation officer testified that the recommendation from the probation department is "jail," 4) the Department had been appointed permanent managing conservator of the child in and has remained so since September 2014, and 5) trial in this cause was held in February of 2017.

Based on the foregoing and giving due deference to the trial court's ruling and in light of the entire record, we conclude that the trial court could have formed a firm belief or conviction that sufficient evidence established each element of § 161.001(b)(1)(N) and, thus, J.B. constructively abandoned L.F.B.  The evidence may have been contradictory but the contradictions were for the fact-finder to resolve.  And, while J.B. may not have been allowed visitation until she fulfilled her service plan, that did not prevent her from communicating with the child through other means or financially supporting the child in some way.  She generally did neither.

Therefore, the evidence is both legally and factually sufficient to support termination under § 161.001(b)(1)(N).    Accordingly, we affirm the judgment of the trial court.


Per Curiam

3